UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER, JR., | No. 2:16-cv-2724 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CAPTAIN ZANINI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff names the following individuals as defendants: Warden Jennifer Barretto, Warden M. Martel, Sergeant or Acting Lt. F. Torres, and Facility Captain Zanini. Plaintiff alleges that on May 29, 2016, he became suicidal, cut on his arm, and defendants, knowing this fact, "maliciously, by way of a wrongful unwarranted emergency cell entry," entered plaintiff's cell and began to assault plaintiff by kicking and punching him, and once he was on the ground, began kneeing plaintiff. (ECF No. 1 at 3.) Plaintiff claims he was not resisting or fighting back. Plaintiff alleges that once the correctional staff stopped the beating, plaintiff was uncuffed and left on the ground bleeding.

Plaintiff fails to set forth specific charging allegations as to each named defendant. While not entirely clear, review of the appended exhibits suggest it was custody staff,[1] not the named defendants, who entered plaintiff's cell and allegedly beat him on May 29, 2016.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another

---

[1] Indeed, in the appended exhibits, plaintiff alleges that it was correctional staff Sgt. Singh, Gonzalez, Alvarez, and John Doe who came into plaintiff's cell on May 29, 2016, and used excessive force. (ECF No. 1 at 9, 10.) However, plaintiff does not name any of these individuals as defendants in his complaint.

1 to the deprivation of a constitutional right, within the meaning of § 1983, if he does an
2 affirmative act, participates in another's affirmative acts or omits to perform an act which he is
3 legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,
4 588 F.2d 740, 743 (9th Cir. 1978).

5 Although supervisory government officials may not be held liable for the unconstitutional
6 conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S.
7 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the
8 supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal
9 connection between the supervisor's wrongful conduct and the constitutional violation." Hansen
10 v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a
11 supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be
12 established in a number of ways, including by demonstrating that a supervisor's own culpable
13 action or inaction in the training, supervision, or control of his subordinates was a cause of
14 plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los
15 Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had
16 the requisite state of mind to establish liability, which turns on the requirement of the particular
17 claim -- and, more specifically, on the state of mind required by the particular claim -- not on a
18 generally applicable concept of supervisory liability. Oregon State University Student Alliance v.
19 Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

20 As to the defendant wardens and the facility captain, plaintiff alleges no facts
21 demonstrating they were personally involved in, or linked or connected to the May 29, 2016
22 incident. To the extent plaintiff contends that defendant Zanini is named as a defendant because
23 he was captain of the facility, such claim is based on a theory of respondeat superior and is
24 unavailing. Absent facts demonstrating such personal involvement, plaintiff fails to state a
25 cognizable claim for excessive force against defendants Zanini, Martel, or Barretto.

26 Plaintiff alleges that defendant Torres investigated the incident in response to plaintiff's
27 administrative appeal, and the appeal was partially granted at the second level. Plaintiff's
28 exhibits confirm that F. Torres interviewed plaintiff in connection with his second level appeal.

In addition, the exhibits demonstrate that defendants Torres, Martel, and Barretto addressed plaintiff's grievances. (ECF No. 1 at 7-17.) However, inmates have no separate constitutional right to a prison grievance or appeal system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). By the time defendant Torres interviewed plaintiff on July 30, 2016, the use of force incident on May 29, 2016, had occurred. Thus, plaintiff's claims that defendants violated his due process rights in connection with their role in the grievance process fail to state cognizable civil rights claims and should not be included in any amended complaint.

Plaintiff states that he is completely blind in his left eye and has poor vision in his right eye which prevented him from identifying all of the defendants. However, the grievance he filed signed on June 5, 2016, includes the names of individuals he alleged used excessive force on May 29, 2016. It is unclear why plaintiff did not include such individuals as defendants herein. Moreover, plaintiff is cautioned that in order to pursue his allegations concerning the alleged unlawful use of force on May 29, 2016, he must name at least one individual who was involved in the use of force so that the court may order service of process by the U.S. Marshal.

For all of these reasons, plaintiff's complaint is dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall file his amended complaint on the form provided. However, plaintiff is not required to re-append the exhibits submitted with his original complaint. Plaintiff may simply refer to the exhibits or he may ask the Clerk of the Court to append the exhibits to his amended complaint. (ECF No. 1 at 7-17.)

Finally, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint filed on the court's form.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

6. Plaintiff's motion for the appointment of counsel (ECF No. 4) is denied without prejudice.

Dated: March 7, 2017

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

/bend2724.14

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                           FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   FLOYD EUGENE BENDER, JR.,              No.  2:16-cv-2724 KJN P
12              Plaintiff,
13        v.                                 <u>NOTICE OF AMENDMENT</u>
14   CAPTAIN ZANINI, et al.,
15              Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
19   _____        Amended Complaint
     DATED:
20
21                                          _____
                                            Plaintiff
22
23
24
25
26
27
28